**Joshae HUDSON, 02–B–2458, Plaintiff,**

**v.**

**Peter CLARK, Superintendent, Inter Community Hospital, and Corrections Officer Papovich, Defendants.**

**No. 04–CV–0010E.**

United States District Court, W.D. New York.

June 2, 2004.

Joshae Hudson, Coxsackie, NY, pro se.

## ORDER

CURTIN, District Judge.

### *INTRODUCTION*

Plaintiff Joshae Hudson, presently an inmate of the Greene Correctional Facility and formerly an inmate of the Niagara County Jail, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2 and 4). Plaintiff claims that the defendants, Superintendent Peter Clark, Corrections Officer Papavich and Inter–Community Hospital violated his constitutional rights when on May 27, 2002 he advised defendant Papavich that to call the doctor because he had stomach pain and Papavich told him to go "lie back down". The next day a doctor was summoned and plaintiff was transported to defendant Hospital where he underwent emergency surgery for the removal of part of his large and small intestines, and colon. He also alleges that during his recovery he suffered from pneumonia which required being placed on a respirator and monitored in the Intensive Care Unit for a month. For the reasons discussed below, plaintiff's request to proceed as a poor person is

granted, his claims against defendants Clark and Inter–Community Hospital are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claim against defendant Papavich.

## DISCUSSION

■ Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

■ In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir.1998). Based on

its evaluation of the complaint, the Court finds that plaintiff's claims against defendants Clark and Inter–Community Hospital must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted, and that the U.S. Marshal will be directed to serve the summons and complaint against defendant Papavich. While cognizant that the allegations against defendant Papavich are thin, at best, the Court notes the Second Circuit Court of Appeals' expressed disfavor for *sua sponte* dismissals and its admonition to the district courts in this Circuit that "[w]here a colorable claim is made out, dismissal is improper [under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A], prior to service and the defendant's answer." *McEachin v. McGuinnis*, 357 F.3d 197, 200–01 (2d Cir.2004) (citations and internal quotation marks omitted in original).

■ Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir.1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir.1994)).

### Plaintiff's Allegations

As noted above, plaintiff alleges that he told defendant Papavich that he was experiencing stomach pain and that Papavich told him to go "lie back down". (Complaint, ¶ 5, Statement of Claim, First Claim). The next day he was rushed to defendant Inter–Community Hospital where he underwent emergency surgery to remove parts of his large and small intestines and colon, and that during his recov-

ery he developed pneumonia which required his placement in the Intensive Care Unit for a month.

### 1.) *Superintendent Clark*

The only reference to defendant Clark in the form complaint is in the "Caption" and "Defendant's Information" sections where it is stated that he is the Superintendent of the Niagara County Jail. This is wholly insufficient to state a claim against Clark because a plaintiff cannot rely on the doctrine of respondeat superior to establish liability under § 1983. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 691–95, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Instead, a showing of some personal responsibility on the part of an employer is required. In the case of an individual defendant, plaintiff must show that the defendant was personally involved in a constitutional deprivation, *Sealey v. Giltner,* 116 F.3d 47, 51 (2d Cir.1997), or that the defendant, employed in a position of control, failed to remedy the alleged wrong after learning of it, or created a policy or custom under which unconstitutional practices occurred, or was grossly negligent in managing subordinates, *Wright v. Smith,* 21 F.3d 496, 501 (2d Cir.1994). In this case, there are simply no allegations to establish that Clark was in involved in any way in the alleged unconstitutional denial of medical treatment to plaintiff by Papavich. Because a claim which fails to demonstrate a defendant's personal involvement in the alleged constitutional deprivation is subject to *sua sponte* dismissal, *Sealey, id.*; *see Neitzke v. Williams,* 490 U.S. 319, 323 n. 2, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), plaintiff's claims against defendant Clark are dismissed with prejudice.

### 2.) *Inter–Community Hospital*

Liberally construing the complaint, as the Court must do, it appears that plaintiff is alleging that the Hospital was somehow deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they treated him. All he alleges, however, is that following the surgery, he was developed pneumonia which required intensive medical care, including being placed on a respirator and being monitored in the Intensive Care Unit of the Hospital. Even assuming that the Hospital is a "person" acting under "color of law" for purposes of 42 U.S.C. § 1983, *see West v. Atkins,* 487 U.S. 42, 53 n. 10, 57, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (private physician hired by state to provide medical care to prisoners was state actor because doctor was hired to fulfill state's constitutional obligation to attend to necessary medical care of prison inmates), the complaint nonetheless fails to state a claim of deliberate indifference under the Eighth Amendment and must be dismissed as against this defendant.

A claim of inadequate medical care rises to the level of a constitutional violation only where the facts alleged show that defendant was deliberately indifferent to a plaintiff's serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *see also Ross v. Kelly,* 784 F.Supp. 35, 43–44 (W.D.N.Y.), *aff'd,* 970 F.2d 896 (2d Cir.), *cert. denied,* 506 U.S. 1040, 113 S.Ct. 828, 121 L.Ed.2d 698 (1992). The allegations in the complaint against the Hospital alleging nothing more that they after surgery he developed some complications. There are no allegations that the Hospital was deliberately indifferent to plaintiff's medical needs or showed a wanton disregard for those needs. In fact, the allegations show that the Hospital treated plaintiff for an emergent condition and that after he de-

veloped pneumonia post-operatively they treated that also. These are hardly allegations of deliberate indifference. It is clear that the only reason the Hospital is named as a defendant is because that is where plaintiff was transported to and treated. That is certainly not sufficient to state an actionable claim under the Eight Amendment.

■ Moreover, even if this claim demonstrated that the Hospital had committed medical malpractice, which the Court does not believe it does, plaintiff is foreclosed from raising the claim in federal court since a medical malpractice claim, which is a type of negligence, is a state court tort claim. *Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (mere negligence on the part of state officials is not actionable under § 1983).

### *CONCLUSION*

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against defendants Peter Clark and Inter–Community Hospital are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on Correctional Officer Papavich of the Niagara County Jail regarding the remaining claim of deliberate indifference to a serious medical need.

### *ORDER*

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the claims against defendants Peter Clark and Inter–Community Hospital are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Peter Clark and Inter–Community Hospital as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Corrections Officer Papavich without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to respond to the complaint.

SO ORDERED.